**In the Matter of WEKIVA DEVELOPMENT CORP., Debtor.**

**Bankruptcy No. 82–440–Orl–BK–P.**

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

Aug. 2, 1982.

## ORDER DENYING AMENDED MOTION FOR SPECIAL MEETING TO ELECT SECURED CREDITORS' COMMITTEE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration, ex parte, upon a Motion for Special Meeting to Elect Secured Creditors' Committee and an Amended Motion for Special Meeting to Elect Secured Creditors' Committee filed by Hawaiiana Investment Co., Inc., a secured creditor of the above-named Debtor corporation. The amended Motion seeks an Order directing a special meeting for the purpose of electing a secured creditors' committee pursuant to Bankruptcy Rule 214. The Motion seeks an appointment for the purpose of permitting the secured creditors' committee to perform all functions granted to a committee by 11 U.S.C. § 705(b) of the Bankruptcy Code.

The Court considered the Motion and is satisfied that the Motion is without merit and should be denied for the following reasons.

Bankruptcy Rule 214 authorized the Court to call a special meeting for the purpose of naming a committee of three or more creditors. It provides, however, that only creditors who are entitled to vote for a trustee may elect the committee. It is evident that Bankruptcy Rule 214 has no application in a Chapter 11 case filed under the Code simply because, while a trustee may be appointed in a Chapter 11 case, see § 1104, creditors do not have a right to elect a trustee. The committee in Chapter 11 cases under the Code are dealt with in § 1102(a)(1) of the Code which directs the Court to appoint a committee of creditors holding "unsecured claims." (emphasis supplied)

In addition, the Section permits, § 1102(a)(2), on request of a party in interest, to order the appointment of additional committees of creditors or of equity security holders. The Section is silent with regard to the rights of secured creditors to form a committee.

In light of the fact that it is rare, indeed, if not non-existent, that the interest of secured creditors are identical, the omission of the Code to provide for the appointment of secured creditors' committee is understandable. Having concluded that Bankruptcy Rule 214 is in conflict with a specific provision of the Code, therefore, it is not applicable to a Chapter 11 case under the Code and in light of the fact that the Code fails to provide for the appointment of a committee of secured creditors. This Court is satisfied that the Motion is without merit and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Amended Motion for Special Meeting to Elect Secured Creditors' Committee be, and the same hereby is, denied.